UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDITH BOWLER; and JANET HODGIN and MICHAEL HODGIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>MONITRONICS INTERNATIONAL, INC., a Texas corporation; and ASCENT CAPITAL GROUP, INC., a Delaware corporation,<br><br>                    Defendants. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiffs Edith Bowler ("Plaintiff Bowler") and Janet Hodgin and Michael Hodgin ("Plaintiffs Hodgin") (collectively, "Plaintiffs"), by their undersigned attorneys, for this class action complaint against Defendants Monitronics International, Inc. and Ascent Capital Group, Inc. and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (collectively "Defendants") allege as follows:

## I. INTRODUCTION

1.1     <u>Nature of Action</u>.  Plaintiff Bowler and Plaintiffs Hodgin, individually and as class representatives for all similarly situated persons in the United States who have received pre-recorded messages on their residential telephones made by or on behalf of Defendants and

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1 │ marketing Defendants' products and services, bring this action against Defendants for

2 │ violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the

3 │ Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD")

4 │ and the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA").

5 │ ## II. JURISDICTION AND VENUE

6 │ 2.1    Subject Matter Jurisdiction.  This Court has subject matter jurisdiction over

7 │ Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise

8 │ under the laws of the United States, specifically 47 U.S.C. § 227.  This Court has subject matter

9 │ jurisdiction over Plaintiffs' WADAD and WCPA claims pursuant to 28 U.S.C. § 1367(a)

10 │ because these claims arise from the same set of operative facts as Plaintiffs' TCPA claims.

11 │ 2.2    Personal Jurisdiction.  This Court has personal jurisdiction over Defendants

12 │ because they do business in Washington State and many of the wrongful acts alleged in this

13 │ Complaint were committed in Washington State.

14 │ 2.3    Venue.  Venue is proper in this District pursuant to (1) 28 U.S.C. § 1391(a)(1) in

15 │ that Defendants do sufficient business in this District to subject it to personal jurisdiction

16 │ herein; and (2) 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions

17 │ giving rise to Plaintiffs' claims occurred in this District.

18 │ ## III. PARTIES

19 │ 3.1    Plaintiff Edith Bowler.  Plaintiff Bowler is a citizen of Washington State,

20 │ residing in Snohomish County, Washington.

21 │ 3.2    Plaintiffs Janet and Michael Hodgin.  Plaintiffs Hodgin are citizens of

22 │ Washington State, residing in Whatcom County, Washington.

23 │ 3.3    Defendant Monitronics International, Inc.  Monitronics International, Inc.

24 │ ("Monitronics") is a Texas corporation with its headquarters in Dallas, Texas.  Monitronics is

25 │ licensed to do business in Washington, has an open account with the Washington State

26 │ Department of Revenue, and conducts business in Washington.

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 2

1      3.4     <u>Defendant Ascent Capital Group, Inc</u>.  Ascent Capital Group, Inc. ("Ascent

2 Capital") is a Delaware corporation with its principal office in Greenwood Village, Colorado.

3 Ascent Capital is the parent company of Monitronics.  Since acquiring Monitronics in

4 December 2010, Ascent Capital (formerly Ascent Media Corporation) has exercised control

5 over Monitronics, its wholly-owned subsidiary.  According to Ascent Capital's 10-K for the

6 fiscal year ending December 31, 2011, filed with the United States Securities and Exchange

7 Commission on or about February 29, 2012 ("2011 10-K"), Monitronics is a wholly-owned

8 subsidiary of Ascent Capital and Ascent Capital "derive[s] substantially all of [its] revenue and

9 cash flow from [its] primary operating subsidiary, Monitronics."  Ascent Capital has a

10 registered service mark for the Monitronics name.

11      3.5     <u>Alter Ego</u>.  Upon information and belief, Defendants are alter egos of each

12 other, and a unity of interest and ownership exists between the Defendants such that any

13 separateness has ceased to exist.  Upon information and belief, as of December 2010, Ascent

14 Capital exercised control over Monitronics.  There was and is a commingling of property rights

15 or interests such that Monitronics and Ascent Capital function as one.  In addition, upon

16 information and belief, the conduct that gives rise to the claims for relief alleged herein was

17 committed by, or on behalf of, each Defendant and harmed Plaintiffs and the proposed National

18 Class, the National Subclass and the Washington State Subclass.  Therefore, to avoid an

19 unjustified loss to Plaintiffs and the National Class, the National Subclass and Washington

20 State Subclass or to avoid oppression, fraud, and inequity, recognition of Defendants' separate

21 corporate status should be disregarded.

22  **IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

23      4.1     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C.

24 § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain

25 telemarketing practices.

26

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 3

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1      4.2     The TCPA makes it unlawful "to initiate any telephone call to any residential

2  telephone line using an artificial or prerecorded voice to deliver a message without the prior

3  express consent of the called party," subject to limited exceptions, including exceptions for

4  emergency calls.  *See* 47 U.S.C. § 227(b)(1)(B).  Among the types of calls regulated by this

5  section of the TCPA are calls that transmit an unsolicited advertisement for goods or services.

6  The TCPA provides a private cause of action to persons who receive calls in violation of 47

7  U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

8      4.3     The TCPA also prohibits telemarketing calls to persons who list their telephone

9  numbers on the national Do Not Call Registry.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R.

10  § 64.1200(c)(2).  A person whose telephone number is on the national Do Not Call Registry,

11  and who has received more than one telephone call within any 12-month period by or on behalf

12  of the same entity can seek statutory damages, which may be trebled if the violation is knowing

13  and/or willful.  *See* 47 U.S.C. § 227(c)(5).

14      4.4     As explained by the Federal Communications Commission ("FCC"), the agency

15  charged with interpreting and enforcing the TCPA, FCC-promulgated regulations "generally

16  establish that the party on whose behalf a solicitation is made bears ultimate responsibility for

17  any violations."  *See* Rules and Regulations Implementing the Telephone Consumer Protection

18  Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19      4.5     The FCC confirmed this principle in 2005, when it explained that "a company

20  on whose behalf a telephone solicitation is made bears the responsibility for violation of our

21  telemarketing rules and calls placed by a third party on behalf of that company are treated as if

22  the company itself placed the call."  *See* Rules and Regulations Implementing the Telephone

23  Consumer Protection Act of 1991, Request of State Farm Mutual Automobile Insurance

24  Company for Clarification and Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

25

26

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 4

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

**V. THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE, RCW 80.36.400**

2

3

4

5

6

5.1 In 1986, the Washington State Legislature enacted the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD"). As defined by the statute, "[a]n automatic dialing and announcing device is a device which automatically dials telephone numbers and plays a recorded message once a connection is made." *See* RCW 80.36.400(1)(a).

7

8

9

10

5.2 The WADAD makes it unlawful for any person to use an automatic dialing and announcing device "for purposes of commercial solicitation" and "applies to all commercial solicitation intended to be received by telephone consumers within the state" of Washington. *See* RCW 80.36.400(2).

11

12

5.3 A violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA"). *See* RCW 80.36.400(3).

13

**VI. FACTUAL ALLEGATIONS**

14

15

16

17

18

19

6.1 Monitronics is in the business of providing security alarm monitoring systems. According to Ascent Capital's most recent 10-K filing with the United States Securities and Exchange Commission, for the fiscal year ending December 31, 2011, filed on or about February 29, 2012 ("2011 10-K"), Monitronics is "the third largest alarm monitoring company in the United States, with over 700,000 subscribers under contract." Most of Monitronics' customers are residential homeowners.

20

21

22

23

6.2 Monitronics' sales, installation and field service functions are provided by its nationwide network of dealers with Monitronics providing monitoring services as well as customer service and technical support through its central monitoring station located in Dallas, Texas.

24

25

26

6.3 Monitronics' revenue is generated primarily from the fees charged to its customers under their alarm monitoring contracts. It also generates revenue from its customers for providing other services, such as maintenance.

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 5

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

6.4     Soliciting potential customers is a joint venture by Monitronics and its dealers. As explained in the 2011 10-K, "[a]uthorized dealers may use the Monitronics brand name in their sales and marketing activities" and Monitronics "makes available sales, business and technical training, sales literature, co-branded marketing materials, sales leads and management support to its authorized dealers."

6.5.     Upon information and belief, Monitronics provides its dealers with leads on customers.  For example, in a March 28, 2012 press release, *available at* http://www.monitronics.net/LinkClick.aspx?fileticket=9oAY5QYHF6Y=&tabid=247, Monitronics announced the roll out of "a new sophisticated software package that will enable [Monitronics'] home security dealers to learn more about their prospective customers than ever before, helping them to target the most eligible prospects in an area."  This new "Locate" software "offers dealers the ability to identify customers in an area by name, whether they own or rent, their household income and more" and can be used "to track communication with those customers[.]"

6.6     Monitronics' dealers' revenue is dependent on the number of customers they obtain for Monitronics' services.

6.7     On November 19, 2012, Plaintiffs Hodgins received a call on their residential telephone, which was answered by Plaintiff Janet Hodgin.  On information and belief, the call was initiated by or on behalf of Defendants.  The call consisted of a pre-recorded message which stated words to the effect that the caller was offering a security system for free.  The recorded message gave Plaintiff Janet Hodgin the option of pressing a number to speak with a representative.  When she selected that option, she was connected to a sales representative  who identified himself as "John."  "John" said he was with All Safe Security in Florida.  "John" told Plaintiff Janet Hodgin that the security system equipment is free, and that she would only be required to pay a monthly monitoring fee for monitoring by Monitronics.

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 6

1    6.8    Plaintiffs Hodgins did not provide prior consent, express or implied, to the

2    receipt of pre-recorded solicitation calls made by or on behalf of Defendants.  Their residential

3    telephone number has been on the national Do Not Call Registry for several years.

4    6.9    On October 23, 2012, Plaintiff Bowler received a call on her residential

5    telephone, which was answered by Plaintiff Bowler.  On information and belief, the call was

6    initiated by or on behalf of Defendants.  The call consisted of a pre-recorded message which

7    stated words to the effect that the caller was alerting homeowners to break-ins in the area and

8    offering a security system and installation for free.  The recorded message gave Plaintiff

9    Bowler the option of pressing a number to speak with a representative and, when she selected

10   that option, Plaintiff Bowler was connected to a sales representative who identified himself as

11   "Seth."  Plaintiff Bowler asked "Seth" how the security system and installation could be free,

12   and he told her that while the system and installation were free, the monitoring contract was

13   $42 a month, reduced to $30 per month because she would receive a security system reduction

14   on her homeowner's insurance premium.  "Seth" told Plaintiff Bowler that the company calling

15   was Monitronics, and he provided Plaintiff Bowler with the address of the Monitronics website,

16   http://monitronics.com/.

17   6.10   On January 16, 2013, Plaintiff Bowler received another call on her residential

18   telephone, which was answered by Plaintiff Bowler.  On information and belief, the call was

19   initiated by or on behalf of Defendants.  The call consisted of a pre-recorded message which

20   referenced a home security system.  The recorded message gave Plaintiff Bowler the option of

21   pressing a number to speak with a representative and, when she selected that option, Plaintiff

22   Bowler was connected to a sales representative who identified herself as "Alessa" at

23   "Protection Services."  "Alessa" told Plaintiff Bowler that the offer included $1,600 worth of

24   free security system equipment and free installation, and a fee of "just $42.99 per month" for

25   monitoring with Monitronics.

26

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 7

6.11    On January 28, 2013, Plaintiff Bowler received another call on her residential telephone, which was answered by Plaintiff Bowler. On information and belief, the call was initiated by or on behalf of Defendants. The call consisted of a pre-recorded message which stated words to the effect that the FBI was alerting homeowners to break-ins in the area, and that the caller was offering a security system and installation for free. The recorded message gave Plaintiff Bowler the option of pressing a number to speak with a representative and, when she selected that option, Plaintiff Bowler was connected to a sales representative who identified himself as "Chester." "Chester" told Plaintiff Bowler that "Maximum Security" would install the free security system, and that Monitronics was the monitoring company that would do the monitoring. When Plaintiff Bowler asked "Chester" for a call-back number and extension, he hung up on her.

6.12    Since mid- 2012, Plaintiff Bowler has received four or more additional pre-recorded telephone calls on her residential telephone for the purpose of selling security system monitoring services. On information and belief, these calls were initiated by or on behalf of Defendants.

6.13    Plaintiff Bowler did not provide prior consent, express or implied, to the receipt of ADAD solicitation calls from Defendants. Her residential telephone number has been on the national Do Not Call Registry for several years.

## VII.  CLASS ACTION ALLEGATIONS

7.1    <u>Class Definition</u>: Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this case as a class action on behalf of a National Class and a Washington State Subclass defined as follows:

> <u>National Class</u>: All persons in the United States who received a call on their residential telephone line with a prerecorded message, initiated by or on behalf of Defendants, marketing Defendants' products and services, and without the recipient's prior express consent, at any time in the period that begins four years from the date of this complaint to trial.

> <u>National Subclass</u>: All persons in the United States who received two or more telephone calls initiated by or on behalf of

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 8

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Defendants, marketing Defendants' products and services, in a twelve month period after such persons registered their telephone number on the national Do-Not-Call Registry, at any time in the period that begins four years from the date of this complaint to trial.

<u>Washington State Subclass</u>:  All telephone customers within the State of Washington who received a call on their telephone with a prerecorded message, initiated by or on behalf of Defendants and marketing Defendants' products and services, and made using an automatic dialing and announcing device for purposes of commercial solicitation, at any time for the period that begins 4 years from the date of this complaint to trial.

Excluded from the National Class, the National Subclass and the Washington State Subclass are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

7.2     <u>Numerosity</u>.  The National Class, the National Subclass and the Washington State Subclass are each so numerous that joinder of all members is impracticable.  Upon information and belief, the National Class, the National Subclass and the Washington State Subclass each have more than 1000 members.  Moreover, the disposition of the claims of the National Class, the National Subclass and the Washington State Subclass in a single action will provide substantial benefits to all parties and the Court.

7.3     <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiffs and members of the National Class, the National Subclass and the Washington State Subclass.  These common questions of law and fact include, but are not limited to, the following:

a.      Whether Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf negligently violated 47 U.S.C. § 227(b)(1)(B);

b.      Whether Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(B), thus entitling Plaintiffs and the National Class to treble damages;

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 9

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1            c.      Whether Defendants and/or their affiliates, agents and/or other persons

2 or entities acting on Defendants' behalf negligently violated 47 U.S.C. § 227(c)(5);

3            d.      Whether Defendants and/or their affiliates, agents and/or other persons

4 or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C.

5 § 227(c)(5), thus entitling Plaintiff Bowler and the National Subclass to treble damages;

6            e.      Whether, with respect to Plaintiffs and the Washington State Subclass,

7 Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants'

8 behalf violated RCW 80.36.400;

9            f.      Whether, with respect to Plaintiffs and the Washington State Subclass,

10 Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants'

11 behalf violated RCW 19.86 *et seq.*;

12            g.      Whether either or both Defendants are liable for prerecorded calls

13 marketing Defendants' products and/or services made by Defendants' affiliates, agents and/or

14 other persons or entities acting on Defendants' behalf;

15            h.      Whether either or both Defendants are liable for telephone calls to

16 persons on the national Do-Not-Call Registry made by their affiliates, agents and/or other

17 persons or entities acting on Defendants' behalf and marketing Defendants' products and/or

18 services; and

19            i.      Whether Defendants and/or their agents, affiliates, and/or other persons

20 or entities acting on Defendants' behalf should be enjoined from violating the TCPA, WADAD

21 and/or WCPA in the future.

22     7.4    <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the National Class, the

23 National Subclass and the Washington State Subclass.  Plaintiffs' claims, like the claims of the

24 National Class, the National Subclass and the Washington State Subclass, arise out of the same

25 common course of conduct by Defendants and are based on the same legal and remedial

26 theories.

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1        7.5      Adequacy.  Plaintiffs will fairly and adequately protect the interests of the

2   National Class, the National Subclass and the Washington State Subclass.  Plaintiffs have

3   retained competent and capable attorneys who are experienced trial lawyers with significant

4   experience in complex and class action litigation, including consumer class actions and TCPA

5   and WADAD class actions.  Plaintiffs and their counsel are committed to prosecuting this

6   action vigorously on behalf of the National Class, the National Subclass and the Washington

7   State Subclass and have the financial resources to do so.  Neither Plaintiffs nor their counsel

8   have interests that are contrary to or that conflict with those of the proposed National Class, the

9   National Subclass or the Washington State Subclass.

10       7.6      Predominance.  ACS has engaged in a common course of conduct toward

11  Plaintiffs and members of the National Class, the National Subclass and the Washington State

12  Subclass.  The common issues arising from this conduct that affect Plaintiffs and members of

13  the National Class, the National Subclass and the Washington State Subclass predominate over

14  any individual issues.  Adjudication of these common issues in a single action has important

15  and desirable advantages of judicial economy.

16       7.7      Superiority.  A class action is the superior method for the fair and efficient

17  adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply

18  with the TCPA and the WADAD.  The interest of individual members of the National Class,

19  the National Subclass and the Washington State Subclass in individually controlling the

20  prosecution of separate claims against Defendants is small because the statutory damages in an

21  individual action for violation of the TCPA and/or WADAD are small.  Management of these

22  claims is likely to present significantly fewer difficulties than are presented in many class

23  claims because the calls at issue are all automated.  Class treatment is superior to multiple

24  individual suits or piecemeal litigation because it conserves judicial resources, promotes

25  consistency and efficiency of adjudication, provides a forum for small claimants, and deters

26

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 11

1    illegal activities.  There will be no significant difficulty in the management of this case as a

2    class action.

3        7.8    Injunctive and Declaratory Relief Appropriate.  Defendants have acted on

4    grounds generally applicable to the National Class, the National Subclass and the Washington

5    State Subclass, thereby making final injunctive relief and corresponding declaratory relief with

6    respect to the National Class, the National Subclass and the Washington State Subclass

7    appropriate on a classwide basis.  Moreover, on information and belief, Plaintiffs allege that the

8    automated calls made by Defendants and/or their affiliates, agents and/or other persons or

9    entities acting on Defendants' behalf that are complained of herein are substantially likely to

10   continue in the future if an injunction is not entered.

11                    **VIII.  FIRST CLAIM FOR RELIEF**

12   **(Negligent Violations of the Telephone Consumer Protection Act, 47 U.S. C.**
     **§ 227(b)(1)(B))**

13       8.1    Plaintiffs reallege and incorporate by reference each and every allegation set

14   forth in the preceding paragraphs.

15       8.2    The foregoing acts and omissions of Defendants and/or their affiliates, agents

16   and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

17   negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(B).

18       8.3    As a result of Defendants' and/or their affiliates, agents and/or other persons or

19   entities acting on Defendants' behalf's negligent violations of the TCPA, 47 U.S.C.

20   § 227(b)(1)(B), Plaintiffs and members of the National Class are entitled to an award of $500 in

21   statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C.

22   § 227(b)(3)(B).

23       8.4    Plaintiffs and members of the National Class are also entitled to and do seek

24   injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or

25   entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(B), in the

26   future.

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## IX.  SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(B))

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(B).

9.3     As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), Plaintiffs and members of the National Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

9.4     Plaintiffs and members of the National Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(B), in the future.

## X.  THIRD CLAIM FOR RELIEF
### (Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5) – Plaintiff Bowler on Behalf of the National Subclass Only)

10.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2     The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(c)(5).

10.3     As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's negligent violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff Bowler and members of the National Subclass are entitled to treble

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 13

1  damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47

2  U.S.C. § 227(c)(5)(B).

3       10.4    Plaintiff Bowler and members of the National Subclass are also entitled to and

4  do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other

5  persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C.

6  § 227(c)(5), in the future.

7                      **XI.   FOURTH CLAIM FOR RELIEF**
       **(Knowing and/or Willful Violations of the Telephone Consumer Protection Act,**
8      **47 U.S.C. § 227(c)(5) – Plaintiff Bowler on Behalf of the National Subclass Only)**

9       11.1    Plaintiffs reallege and incorporate by reference each and every allegation set

10  forth in the preceding paragraphs.

11      11.2    The foregoing acts and omissions of Defendants and/or their affiliates, agents

12  and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

13  knowing and/or willful violations of the TCPA, 47 U.S.C. §  227(c)(5).

14      11.3    As a result of Defendants' and/or their affiliates, agents and/or other persons or

15  entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, Plaintiff

16  Bowler and members of the National Subclass are entitled to treble damages of up to $1,500 for

17  each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

18      11.4    Plaintiff Bowler and members of the National Subclass are also entitled to and

19  do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other

20  persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C.

21  § 227(c)(5) in the future.

22                      **XII.   FIFTH CLAIM FOR RELIEF**
       **(Violation of the Washington Automatic Dialing and Announcing Device Statute,**
23     **RCW 80.36.400 – Washington State Subclass Only)**

24      12.1    Plaintiffs reallege and incorporate by reference each and every allegation set

25  forth in the preceding paragraphs.

26

CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 14

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

12.2     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the WADAD, RCW 80.36.400(2).

12.3     As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's violations of the WADAD, Plaintiffs and members of the Washington State Subclass are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

12.4     Plaintiffs and members of the Washington State Subclass are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the WADAD in the future.

### XIII.  SIXTH CLAIM FOR RELIEF
**(Violations of Washington's Consumer Protection Act – RCW 19.86 – Washington State Subclass Only)**

13.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2     Pursuant to RCW 80.36.400(3), a violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA").

13.3     As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's conduct as alleged herein, Plaintiffs and members of the Washington State Subclass have sustained damages.  Under the WCPA, Plaintiff and members of the Washington State Subclass are also entitled to, and do seek, injunctive relief prohibiting Defendants' and/or their agents, affiliates, and/or other related persons or entities acting on Defendants' behalf from violating the WCPA in the future, as well as treble damages and attorneys' fees and costs pursuant to RCW 19.86.090.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## XIV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the National Class, the National Subclass, and the Washington State Subclass, pray for judgment against Defendants as follows:

A.       Certification of the proposed National Class, National Subclass and Washington State Subclass;

B.       Appoint Plaintiffs as representative of the National Class, the National Subclass and the Washington State Subclass;

C.       Appoint the undersigned counsel as counsel for the National Class, the National Subclass and the Washington State Subclass;

D.       Declare that Defendants and/or their affiliates, agents and/or other related entities' actions complained of herein violate the TCPA, the WADAD and the WCPA;

E.       Enjoin Defendants and/or their affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.       Award Plaintiffs and the National Class, National Subclass and Washington State Subclass statutory, compensatory and exemplary damages, as allowed by law;

G.       Award Plaintiffs and the National Class, the National Subclass and Washington State Subclass attorneys' fees and costs, as allowed by law and/or equity;

H.       Permit Plaintiffs and the National Class, the National Subclass and Washington State Subclass leave to amend the Complaint to conform to the evidence presented at trial; and

I.       Grant such other and further relief as the Court deems necessary, just, and proper.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    RESPECTFULLY SUBMITTED AND DATED this 19th day of February, 2013.

2         TERRELL MARSHALL DAUDT & WILLIE PLLC

3

4         By:   /s/ Beth E. Terrell, WSBA #26759
              Beth E. Terrell, WSBA #26759
5             Email: bterrell@tmdwlaw.com

6         By:   /s/ Kimberlee L. Gunning, WSBA #35366
              Kimberlee L. Gunning, WSBA #35366
7             Email: kgunning@tmdwlaw.com
              936 North 34th Street, Suite 400
8             Seattle, Washington  98103
              Telephone:  (206) 816-6603
9             Facsimile:  (206) 350-3528
10

11        WILLIAMSON & WILLIAMS

12

13        By:   /s/ Rob Williamson, WSBa #11387
              Rob Williamson, WSBA #11387
14            Email:  roblin@williamslaw.com

15        By:   /s/ Kim Williams, , WSBA #9077
              Kim Williams, WSBA #9077
16            Email: kim@williamslaw.com
              2339 West Viewmont Way West
17            Seattle, Washington  98199
              Telephone: (206) 466-6230
18            Facsimile:  (206) 535-7899

19
          *Attorneys for Plaintiffs and the Class and Subclasses*
20

21

22

23

24

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com